IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| TRAVIS MARK SMITH #684080 | § | |
| v. | § | CIVIL ACTION NO. 9:05cv154 |
| PAUL MORALES, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Travis Smith, proceeding *pro se*, filed this lawsuit complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Smith complained of retaliation and denial of access to courts. All of the Defendants in the lawsuit except for one, Officer English, are located outside of the Eastern District of Texas, and all of the incidents involving these Defendants occurred outside of the Eastern District of Texas. Accordingly, the Magistrate Judge transferred Smith's claims which arose outside of the Eastern District of Texas to the appropriate courts.

In the one claim which arose in the Eastern District of Texas, Smith said that he was sent to the Eastham Unit on May 20, 2005, but his property was held at the W6 Trusty Camp in Beeville until June 8, when it was finally sent to the Eastham Unit. Once it arrived, Smith says, Officer English, the property officer, would not allow him to inventory it before making him sign that it was all there. He says that English knew that 11 boxes of property were shipped but only two arrived, although he does not make clear how he knows that English knew this. Smith did not state that English took any of his property or denied him access to court, conceding that any taking of his property took place prior to its arrival at Eastham.

After review of this complaint, the Magistrate Judge determined that Smith had not shown a constitutional violation in the fact that Officer English made him sign a property inventory sheet before he actually inventoried his property. The Magistrate Judge also concluded that Smith had not shown that he had exhausted his administrative remedies, in that he signed his Step Two grievance complaining of Officer English's actions on July 10, 2005, eight days before the filing of his complaint; Smith did not contend that this grievance was answered as of the time of the filing of the lawsuit, and in fact concedes in his objections that this grievance was answered on August 4, 2005, after the filing of the lawsuit. The Magistrate Judge therefore recommended that Smith's lawsuit be dismissed with prejudice as frivolous and for failure to exhaust administrative remedies.

Smith filed objections to the Magistrate Judge's Report on October 6, 2005. These objections complained first of the transfers of his claims to the proper courts, saying that it is too much of a burden on him. With regard to the Magistrate Judge's Report on Officer English, Smith stated that the harm which he suffered was "all acts of retaliation in every form and every way by each plaintiff [presumably meaning each defendant]." Hence, he says that he does not have to exhaust his administrative remedies because the Step Two grievances which he was going to use for this lawsuit were part of the documents which were stolen from him.

Smith also argues that he does not have to exhaust his administrative remedies because his claims are "individualized retaliatory actions" by prison officials, and thus are not "claims brought with respect to prison conditions" which are subject to the exhaustion requirement.

Smith states that Officer English's culpability is "beyond comprehension." He says that he does believe that English knew of the theft of his property before giving the remaining property to him, and says that this state of mind itself puts English in a situation where she violated his due process right to access his property because she tried to "cover it up" by violating prison rules and policies. He says that English was "an active member of a conspiracy" with the other defendants, and that there is no heightened pleading requirement for such a claim nor does he have

to prove her state of mind. Instead, Smith argues that English's actions by themselves are proof that she knew what she was doing when she let herself get mixed up in the retaliatory conspiracy.

Smith's objections are without merit. The Magistrate Judge properly transferred his claims to the districts and divisions where they could have been brought, where jurisdiction and venue were proper. Smith conceded that his Step Two grievance against Officer English was denied on August 4, 2005, over two weeks after the lawsuit was filed; the Fifth Circuit has held that the exhaustion process must be completed before the federal lawsuit is filed and that even complete exhaustion following the filing of the lawsuit is not sufficient. Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998). In that case, the Fifth Circuit stated as follows:

> By choosing to file and pursue his suit prior to exhausting administrative remedies as required, Underwood sought relief to which he was not entitled--that is, federal court intervention in prison affairs prior to the prison having had the opportunity to address the complaint within its grievance procedures. We therefore affirm the district court's order dismissing Underwood's action with prejudice for purposes of proceeding IFP.

Underwood, 151 F.3d at 296.

In this case, Smith acknowledges that the grievance procedure concerning his claim against Officer English had not been completed at the time that he filed his lawsuit. For this reason, dismissal, even with prejudice, for failure to exhaust is appropriate. Smith's contention that he need not exhaust claims of "individualized retaliatory actions" is without merit. Porter v. Nussle, 534 U.S. 516, 525, 122 S.Ct. 983, 988 (2002).

The Magistrate Judge also determined that Smith had failed to set out a constitutional claim against English. Smith responds by saying that English's culpability is "beyond comprehension" and by speculating that English somehow knew that some of his property was missing when she made him sign the inventory sheet. He says that this assumed knowledge transformed English's actions into a constitutional violation and says that she was an "active member in the conspiracy."

The Fifth Circuit has held that specific facts must be pled when a conspiracy is alleged; mere conclusory allegations will not suffice. Hale v. Harney, 786 F.2d 688, 690 (5th Cir.

3

1986). In pleading these specific facts, the Plaintiff must allege the operative facts of the alleged conspiracy. Lynch v. Cannatella, 810 F.2d 1363, 1369-70 (5th Cir. 1987). In this regard, the Fifth Circuit has observed that "charges as to such conspiracies must be based on substantial and affirmative allegations, and no mere gossamer web of conclusion or inference, as here, trifles light as air," will suffice to sustain a claim of conspiracy. Crummer Company v. Du Pont, 223 F.2d 238, 245 (5th Cir. 1955, rehearing denied).

Here, Smith offers nothing more than a gossamer web of conclusion or inference. He speculates that English must have known that some of his property was missing, and adds to this the speculation that she must therefore have become an "active participant" in a conspiracy against him. His claim of a conspiracy is without merit.

Neither has Smith set forth a valid claim of retaliation against Officer English. As with conspiracy claims, the Fifth Circuit has held that a prisoner who asserts a retaliation claim must assert specific facts; mere conclusory allegations are not enough. Whittington v. Lynaugh, 842 F.2d 818, 820 (5th Cir. 1988); Moody v. Baker, 857 F.2d 256, 258 (5th Cir. 1988).

The elements of a claim under a theory of retaliation are the invocation of a specific constitutional right, the defendant's intent to retaliate against the plaintiff for his exercise of that right, a retaliatory adverse act, and causation, which is a showing that but for the retaliatory motive, the action complained of would not have occurred. Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997). The relevant showing must be more than the prisoner's personal belief that he is the victim of retaliation. Johnson, 110 F.3d at 310, *citing* Woods v. Edwards, 51 F.3d 577, 580 (5th Cir. 1995). If the prisoner is unable to point to a specific constitutional right which is violated, the claim will fail. Jones v. Greninger, 188 F.3d 322, 326 (5th Cir. 1999).

In this case, Smith has plainly failed to show that English intended to retaliate against him for the exercise of a constitutional right, nor has he shown that but for this intent, the action complained of would not have occurred. Nor has he shown that any action by Officer English amounted to a constitutional deprivation; as noted above, Smith acknowledges that the loss of his

property occurred before it arrived at the Eastham Unit. Instead, Smith offers only his personal belief that he has been the victim of retaliation. Smith's claims against Officer English are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original complaint, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge Is ADOPTED. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous and for failure to exhaust administrative remedies. Such dismissal shall not prevent the Plaintiff from pursuing his remaining claims in the courts of proper venue and jurisdiction. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

So **ORDERED** and **SIGNED** this **10** day of **November, 2005.**

_____
Ron Clark, United States District Judge